IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Southwest Equipment, Inc., | ) |
| Plaintiff, | ) C.A. No. 6:10-1765-HMH |
| vs. | ) **OPINION AND ORDER** |
| Stoner & Company, Inc., and Hartford Casualty Insurance Company, | ) |
| Defendants. | ) |

Southwest Equipment, Inc. ("Southwest") moves the court pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure to reconsider its November 1, 2010 Order ("November Order") granting Hartford Casualty Insurance Company's ("Hartford") motion to transfer venue under 28 U.S.C. § 1404(a). For the reasons explained below, Southwest's motion is denied.

Rule 60(b)(6) authorizes a court to alter a previous decision based upon "any . . . reason that justifies relief." Unlike other clauses enumerated under Rule 60(b), a party must show that "extraordinary circumstances" exist to obtain relief pursuant to Rule 60(b)(6). Valero Terrestrial Corp. v. Paige, 211 F.3d 112, 118 n.2 (4th Cir. 2000). Whether to grant or deny relief pursuant to Rule 60 rests with the sound discretion of the district court. Nat'l Org. for Women v. Operation Rescue, 47 F.3d 667, 669 (4th Cir. 1995) (per curiam).

In its motion for reconsideration, Southwest principally contends that Hartford has failed to carry its burden showing that the convenience of the parties and witnesses and the interest of justice warrant transferring the case to the District of Massachusetts. (Pl. Mot. Reconsideration, generally). However, a common sense application of § 1404(a) dictates that transfer to the

1

District of Massachusetts is warranted. Southwest maintains its principal place of business in Florida, and Stoner & Company, Inc. ("Stoner"), the defendant who executed the contract in this dispute, maintains its principal place of business in Massachusetts. As emphasized in the court's November Order, Hartford's burden is significantly diminished because Southwest is not a resident of South Carolina and because South Carolina has no discernable nexus to the alleged acts or omissions giving rise to the breach of contract dispute. (November Order 3, 6.) Given that none of the parties to this litigation is a resident of the forum state, the court found that Hartford established that transfer to Massachusetts would ease access to sources of proof because Stoner's business records and officers would be accessible at its principal place of business. Further, the only material non-party witnesses identified reside in Illinois and New Jersey, and Hartford has shown that Massachusetts is a more convenient venue for these witnesses. Southwest contends that transfer of this case will cause Southwest "extreme hardship" because it will position the litigation farther from Florida and force Southwest to hire new counsel. (Pl. Mot. Reconsideration 3.) However, convenience of counsel is not a factor under § 1404(a) "because it will always be the case that the granting of a transfer will inconvenience counsel in the transferor district or necessitate the engagement of new counsel . . . ." Convergence Techs. v. Mircoloops Corp., 711 F. Supp. 2d 626, 644 (E.D. Va. 2010) (internal quotation marks omitted). Based on the foregoing, Southwest has failed to show that extraordinary circumstances exist to warrant Rule 60(b)(6) relief.

It is therefore

**ORDERED** that Southwest's motion to reconsider, docket number 32, is denied.

**IT IS SO ORDERED.**

                                                                           s/Henry M. Herlong, Jr.
                                                                           Senior United States District Judge

Greenville, South Carolina
December 16, 2010